UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CORTNEY ANDERSON,<br><br>        Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC; and TRANS UNION LLC;<br><br>        Defendants. | Case No. 6:20-cv-00330<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.] |

## DEMAND FOR JURY TRIAL

1. Please take notice that Plaintiff demands a trial by jury in this action.

## INTRODUCTION

2. Cortney Anderson ("Plaintiff") brings this action to secure redress from Equifax Information Services, LLC ("Equifax") and Trans Union LLC ("Trans Union") (collectively referenced as "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq.

## PARTIES

3. Plaintiff Cortney Anderson is a consumer, a natural person and a citizen of the United States of America who presently resides in Gregg County, Texas.

4. Defendant Equifax is a *credit reporting agency*, as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the

purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Equifax's principal place of business is located at 1550 Peachtree Street NW, Atlanta, Georgia, 30309 and service location at Corporation Service Company, 40 Technology Parkway South #300, Norcross, Georgia 30092.

5. Defendant Trans Union is a *credit reporting agency*, as defined in 15 USC 1681a(f).  On information and belief, *Defendant* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Trans Union's principal place of business is located at 555 W. Adams Street, Chicago, Illinois 60661 and Registered Agent location at Prentice Hall Corporation, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

6. On information and belief, Equifax disburses *consumer reports* to third parties under contract for monetary compensation.

7. On information and belief, Trans Union disburses *consumer reports* to third parties under contract for monetary compensation.

8. At all relevant times, all Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **JURISDICTION**

9. The District Court has federal question jurisdiction over these claims

- 3 -

pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

10. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Defendants transact business in this district, as such personal jurisdiction is established.

11. On information and belief, Defendants Equifax and Trans Union are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 U.S.C. § 1681a(d), to third parties.

12. On information and belief, Equifax and Trans Union disburse the *consumer reports* to third parties under contract for monetary compensation.

13. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. In or around September 2019, Plaintiff learned that Equifax and Trans Union were inaccurately reporting four (4) FedLoans Servicing accounts as 120 days past due with a zero-dollar balance ($0).

15. At that time, Plaintiff was using the services of a third-party credit repair company. Upon information and belief, the third-party credit repair company

disputed the inaccurate information with Equifax and Trans Union in or around September 2019.

16. On or about October 9, 2019, Equifax responded to Plaintiff's dispute letter. In its response, Equifax said it had investigated the disputed information and determined it was accurately reporting the FedLoans accounts.

17. Upon information and belief, Trans Union received and investigated Plaintiff's dispute.

18. On or about October 15, 2019, Plaintiff pulled her Equifax and Trans Union credit reports and discovered that both Defendants were *still* reporting four FedLoan Servicing accounts as over 120 days past due with a zero-dollar ($0) balance.

19. On or about October 31, 2019, Plaintiff sent letters via certified mail to Equifax and Trans Union to dispute the inaccurate information on her credit reports.

20. In her dispute letters, Plaintiff told Defendants that they were inaccurately reporting the FedLoan Servicing accounts. Plaintiff also explained that FedLoan Servicing was no longer managing her loans, so she could not possibly be more than 120 days past due. In the letters, Plaintiff provided her full name, birthday, mailing address and social security number.

21. Upon information and belief, Equifax and Trans Union forwarded Plaintiff's disputes through the E-Oscar system to FedLoan Servicing for

consideration.

22. In or around November 2019, both Equifax and Trans Union responded to Plaintiff's dispute letters. In their responses, Equifax and Trans Union said they needed more information before they could investigate Plaintiff's dispute.

23. Ultimately, neither Equifax nor Trans Union ever substantively responded to Plaintiff's dispute letters.

24. Based on the evidence available to Plaintiff at this time, it does not appear that the Defendants conducted any investigation, let alone a reasonable investigation, into Plaintiff's dispute.

25. On or about January 3, 2020, Plaintiff pulled her Trans Union and Equifax Credit reports again. Plaintiff learned that Trans Union and Equifax were still inaccurately reporting the FedLoans Servicing accounts as more than 120 days past due with a zero-dollar ($0) balance.

26. Defendants Equifax and Trans Union failed to modify, delete, or permanently block the reporting of this inaccurate, incomplete and unverified derogatory credit reporting information related to Plaintiff in violation of Plaintiff's rights under the FCRA.

## COUNT I
### Against Defendants TransUnion and Equifax

27. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is

disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumers dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

28. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A).  In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

29. Finally, the FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individuals about whom the report relates."  15. U.S.C. § 1681e(b).

30. Defendants Equifax and Trans Union failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed.

31. Defendants Equifax and Trans Union failed to review and consider all relevant information submitted by Plaintiff.

32. Defendants Equifax and Trans Union failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

33. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

34. Defendants' reporting is particularly aggravating of Plaintiff's damages because Defendants' inaccurate reporting damaged Plaintiff's credit, which Plaintiff is trying to establish and build.

35. This caused Plaintiff stress and anxiety about her credit reputation and a belief that she may still owe a large debt that she does not really owe.

36. Upon information and belief, Plaintiff was reviewed for credit by Capital One and was offered worse credit terms because of the inaccuracies on her credit report.

37. Defendants Equifax's and Trans Union's violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants Equifax and Trans Union for the following:

A. Actual damages pursuant to 15 U.S.C. § 1681n(a);

B. Statutory damages pursuant to 15 U.S.C. § 1681n(a);

C. Punitive Damages pursuant to 15 U.S.C. §1681n(a)(2);

- 8 -

    D.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

    E.    Any pre-judgment and post judgment interest as may be allowed under the law; and

    F.    For such other and further relief as the Court may deem just and proper.

Dated: June 18, 2020

    Respectfully submitted,

**PRICE LAW GROUP, APC**
By: */s/Lisbeth Findsen*
Lisbeth Findsen (AZ: 023205)
Price Law Group, APC
8245 N 85th Way
Scottsdale, AZ 85258
T: (818) 600-5575
F: (818) 600-5475
E: beth@pricelawgroup.com
*Attorney for Plaintiff*
*Cortney Anderson*